I am Andrea Butler, as a court-appointed amicus in opposition to the District Court's opinion. The key question in this case is whether Mr. Zachariasiewicz is challenging an action that can be appealed to the MSPB. He clearly is, for two reasons. First, he was granted an individual right of action under the Whistleblower Protection Act. And second, his constructive demotion amounted to a serious adverse employment action. I plan to focus primarily on the first reason today. The plain language of the statute provides that any action that is appealable to the MSPB and also partially motivated by impermissible discrimination creates a mixed-case appeal and can be reviewed in federal district court. In an IRA appeal, plainly is an action that is appealable to the MSPB. The statute does not say, as the government contends, that only actions listed in 5 U.S.C. section 7512 can qualify as actions that are appealable to the MSPB. It is clear that Congress intended employees alleging that they suffered brave enough adverse employment actions. Assuming that we agree with you that this is a mixed appeal, how was it timely? Sure, Your Honor. So, I would address the government's contention about the 65-day deadline in a number of ways. First, that deadline is not applicable here. The OSC did provide Mr. Zaharia Shabitz a letter dated May 7, 2018. However, that was after the 120 days allowed by statute for which the Office of Special Counsel had to act had passed. And so when those 120 days expired, he automatically had an individual right of action. And if you look at the letter in the joint appendix, which can be found at Joint Appendix 187 and 188, it's clear that the Office of Special Counsel itself did not think that it was triggering the 65-day deadline. It cited Section 1214 A1B, which is the provision that says whenever you have, whenever 120 days have passed, an individual right of action attaches. And further, the Office of Special Counsel did not take the actions set out by statute to even officially terminate its investigations. Within those same sections, within that same statutory section, the Office of Special Counsel must do certain things to satisfy, to issue an actual notice of termination, and it did not do those. It did not, as Section 1214 A1B requires, provide Mr. Zaharia Shabitz a chance to provide comments before officially terminating its investigation. And it did not provide a written statement notifying the employee of the termination of the investigation, a summary of the relevant facts found by the Special Counsel, and its reasons for terminating the investigation. So it's clear from even the Office of Special Counsel's communications itself that the 65-day deadline was not intended to apply here. And further, I mean, even if the Office of Special Counsel can cite the wrong provision and still expect the deadline to apply, it should be equitably told here. The regulations clearly provide that this deadline can be equitably told. And therefore, it can't be jurisdictional according to, consistent with the government's argument. I mean, if the regulations can pull a provision and alter it, then it can't be jurisdictional for this court or for the federal, excuse me, for the MSPB to be able to exercise jurisdiction over that appeal. So I think that there are a number of reasons why that provision doesn't apply. Ms. Butler, this is Judge Diaz. I mean, are you conceding that the government timely raised these deadlines? Isn't there a question of waiver, assuming that these are not jurisdictional? Yes, Judge Diaz, and that's exactly the point. The government did not raise a timeliness issue before the MSPB when Mr. Zaharia Shevitz brought this appeal before the MSPB. In fact, the government explicitly filed a letter with the MSPB saying, you know, we think now that you've pointed to these letters in the record, JA 187 and 188, that jurisdiction is proper here and this appeal should go forward. So that's not just forfeited, that's clearly waived. The government gave up this argument before the MSPB. But it's forfeited or waived if, in fact, it's not jurisdictional, right? So what's the argument that it's not? Sure. So it's not jurisdictional, one, because the cases that the government points to, you know, for the proposition that it is jurisdictional, simply say, you know, exhaustion in general is jurisdictional. And I don't think that we dispute that a federal employee is required to exhaust his actions before the Office of Special Counsel. However, this ticky-tacky 65-day deadline is not jurisdictional and it clearly can be waived, as at least the Seventh Circuit has held in the Delgado case, Your Honor. And finally, I think it's an important point that the government itself, the MSPB, tinkers with this allegedly mandatory statutory deadline. Its own regulations provide for a five-day kind of buffer zone that is different than the statutory 60-day deadline itself. And then the regulations also explicitly allow for equitable tolling. So I just don't think that something that the government itself says that it can tinker with is a jurisdictional requirement by statute. And I think that the case law supports that. So, you know, the 65-day deadline should not be a bar here. And it can be equitably tolled. And, you know, ultimately, it's just not even applicable in the first place. So assuming we get beyond all of that, what is your argument for the constructive demotion and the fact that that is not specifically listed in the statute? Sure, Judge Thacker. So I'll say first and primarily, this court doesn't even need to reach the question of constructive demotion if it agrees with our interpretation of Section 1221 and 7702, which allows for an IRA appeal to be a mixed-case appeal. But a constructive demotion is something that can be a serious adverse employment action, because the idea that an adverse employment can be a constructive discharge or a constructive termination or something like that is well accepted in federal employee discrimination law. And, in fact, the Federal Circuit itself has stated, you know, in this context, under this statute, it's appropriate to recognize that a constructive demotion may be within the ambit of 7512. Where the Federal Circuit has gone wrong is by erecting these artificial statutory barriers on what can constitute a constructive demotion. And they're simply not grounded in statute nor in the rest of federal employee discrimination law. So this court should recognize, consistent with several other courts of appeals, that actions that in practical effect amount to a reduction in pay or a reduction in grade can be a constructive demotion, can be sufficient to satisfy Section 7512. And so here, that's exactly what happened. Mr. Zaharia Shevitz, you know, he has clearly alleged that he would have been promoted to a GS-15 level if it had not been for the DEA's obstructive conduct. So that is enough for purposes of alleging a constructive demotion to satisfy 7512. And so in that case, he clearly has a mixed-case appeal, even if the court doesn't agree with our IRA appeal theory. So like I said, the Federal Circuit has already recognized that this is an appropriate category within this statutory scheme. And so this court should... That constructive demotion is an appropriate category, you're saying? Yes. So I think to flesh that out a little bit more, Mr. Zaharia Shevitz's allegations are clear that were it not for the DEA's obstructive conduct, he would have been promoted. He was placed at the top of several best-qualified lists, and he knows that he was the top-ranked candidate for at least one of them. Top-level agency officials then interfered to prevent Mr. Zaharia Shevitz from being promoted to that job, and they likely did so on many other occasions. This is enough to allege a constructive demotion, which is sufficient to establish that he had a mixed-case appeal. And I think to return to what the Federal Circuit has done here, the Federal Circuit has recognized that where an employee effectively would have been promoted because a job classification was elevated to another GS, a higher GS level, and then that employee is transferred away from that job, that amounts to an effective promotion or a constructive demotion. That's the exact same situation as what's happening here. Mr. Zaharia Shevitz was at the top of a best-qualified list and then effectively taken away from that promotion that he would have received because of the agency's obstructive conduct. And so that is sufficient to establish a constructive demotion here. So I want to return to the question of the IRA appeal for my remaining time. I think the very important point in this argument is that the statute is clear, and the government has not provided an alternative method for this court to interpret the statute in a way that doesn't require this court to contradict the plain language of the text. The government has provided no way for this court to reasonably say that an action through an IRA appeal that can be heard by the MSPB is not an action that is appealable to the MSPB. And most of what the government points to is the fact that these statutory provisions are found in different chapters of the same title, which is just not an effective way of interpreting statutes. And I'll just point the— Mr. Lewis, can I ask a question? So you just spent a good bit of time telling us about the Federal Circuit's analysis with respect to constructive demotion and why you think they're correct. And it is the Federal Circuit that often, more often than not, deals with these kinds of cases since they tend to funnel their way up through that circuit. But, I mean, you sort of have to take the good with the bad because the Federal Circuit has also said with respect to this individual right of action that it's not the type of appeal that was contemplated by the statute. So can you spend a little bit of time talking about why that's just wrong? Yes, Judge Diaz. I would say, first of all, I did mention the Federal Circuit's decision in the aspect of constructive demotion. I think that there are still problems with their analysis there. But regardless, the Federal Circuit's decision in Young v. MSPB simply just does not grapple with the statutory text. It does not grapple with the fact that 1221H explicitly refers to and incorporates Section 7703B, not Section 7703B1B. It is clear that Congress intended IRA actions to be subject to both of the judicial review procedures set out in Section 7703, both to the Federal Circuit and as mixed case appeals. So when an employee has discrimination claims around the same personnel action as its WPA claims, then Section 7703B2 applies, which puts it in the category of mixed case appeals. Have you had a chance to review the cases from the 28J letter wherein the Federal Circuit has reaffirmed that position in three cases just this year? Sure, Judge Thacker. I have reviewed those cases, and I don't think that that changes the position at all. Like the other cases that the government cites in its brief, it simply relies on Young with no independent analysis. And I think that that is the exact situation in which this Court should split with the Federal Circuit because this rule that doesn't make sense with the statute is being adopted by other courts, including the Tenth Circuit, without meaningful analysis, without a clear consideration of what the statute actually says. So this is the exact situation in which it's appropriate for this Court to issue a different decision and split from the Federal Circuit. Isn't the, and I don't mean to put words in your mouth, but the argument also, I mean, the whole purpose of this, the CSRA is to provide a streamlined process for employees to be able to achieve remedies and relief. And it seems like sort of arbitrarily making this kind of distinction just makes the process much more convoluted and complicated than it needs to be. I think that's absolutely right, Judge Diaz. And the last point that I'll make before I reserve the rest of my time for rebuttal is that the approach that the government propounds here is exactly the approach that the dissent in Perry asked for, and that was rejected by a majority of the Court. And so this, you know, bifurcated appeal scheme by which Federal employees have to exhaust their claims through different agencies and then to different courts for judicial review was already rejected by the Supreme Court. I'll reserve the remaining, the rest of my time for rebuttal. Thank you, Ms. Butler. Ms. Taylor? Good morning. Good morning, Your Honors. May it please the Court, Laura Rottenborn Taylor on behalf of the United States and the defendants in this action. I'd like to start where we left off with respect to whether or not an IRA appeal, that is an action under the Whistleblower Protection Act, can form the basis for a mixed case. And as the Federal Circuit has now repeatedly held and the Tenth Circuit has also held, the answer to that question is no, and for good reason. The appellant in this case focuses on only one prong of what is required in order to establish a mixed case. A mixed case requires two things, both an action that is appealable to the MSPB, as well as an action, a basis of which is discrimination. As the Federal Circuit has now multiple times explained, and as the Tenth Circuit has also explained, a WPA claim cannot, as a matter of law, be based on an allegation of discrimination. And therefore, as a matter of law, it cannot constitute the basis for a mixed case. The definition of a mixed case is found in 7702, and it clearly states that the basis of the action must be discrimination. But in the Whistleblower Protection Act, it specifically disavows that any whistleblower protection claim can be brought based on discrimination. Counsel, I mean, that's literally true, I guess, but aren't there separate discrimination claims that form part of the plaintiff's allegations in this case? Are you just suggesting that those don't matter? I am suggesting, Your Honor, that they do not matter for purposes of deciding whether or not the WPA claims constitute a mixed case. In this action, there are two different types of claims that have been brought, Title VII claims as well as WPA claims. Title VII claim is a discrimination claim, right? Correct, Your Honor. And a Title VII claim could form the basis for a mixed case if it qualified under 7702. So here we have two different types of causes of action which need to be independently assessed to determine whether or not they can form the basis for a mixed case. With respect to whether or not the Title VII claims could form the basis of a mixed case, they cannot because the type of adverse employment action here is not serious enough to have appealed to the MSPB directly. And therefore, the Title VII cause of action fails the first prong of 7702, which is that the action must be appealable to the MSPB. The next question is, can the WPA claim constitute the basis for a mixed case appeal? And here, it actually fails the second prong because a WPA claim cannot be based on an allegation of discrimination. And so the Title VII claim fails the first prong. It, therefore, cannot be the basis for the mixed case. And the WPA claim fails the second prong. It, therefore, cannot be a basis for a mixed case. And certainly, bundling two unappealable claims does not make the combination of those claims appealable. Mixed case does not mean that you bring causes of action under two different statutes and you bundle them and you get to come to federal district court. Mixed case is a very specific definition found in Section 7702. And the Title VII cause of action fails the first prong of 7702. And the WPA cause of action fails the second prong of 7702. And this bears out in the facts of this case as well. And it is important to understand exactly what it is that the plaintiff is challenging. With respect to the WPA claims, the plaintiff claims that he made four protected disclosures. All four of those protected disclosures allegedly occurred before any act of discrimination. The plaintiff then alleges that he was retaliated against for those four protected disclosures. In other words, the WPA claims are entirely divorced from the claims of discrimination. All four alleged protected disclosures predate the act of discrimination. The plaintiff then also alleges separately that in 2017, after he made his protected disclosures, the protected disclosures about which had nothing to do with discrimination, he was then discriminated against on the basis of race and gender. And he brings a Title VII claim on that singular incident related to discrimination. Now what he is trying to get this court to believe is that because he subsequently brought a Title VII claim based on a singular incident of race and gender discrimination, that his prior allegations for whistleblowing related to otherwise unrelated protected disclosures should also be linked with his claim of discrimination, bundled together and somehow shoehorned into a mixed case appeal. Sorry to interrupt you. So I hear your argument. It makes sense. I'm not suggesting that it doesn't. But I think that the argument kind of loses the forest for the trees because it loses the – it doesn't really focus on the overall intent of this statute, which is intended to provide a streamlined process for employees, federal employees, to be able to get relief. And in most instances, federal employees who don't have the benefit of counsel. And your view of this case, I mean, would require, first of all, to get there, I mean, you literally need to be a lawyer to be able to figure that out. And it ultimately results in this plaintiff and others having to navigate a Byzantine route of different processes in order to get relief, whereas your opponent on the other side has espoused the interpretation of the statute, which is consistent, I think, with the overall remedial purpose of the statute. So can you talk about that? Yes, I'd be happy to, Your Honor. I would start by mentioning as a factual matter that the plaintiff in this case actually was represented by counsel. So he did have the benefit of an attorney. But more importantly, to your question about the CSRA and the intent of streamlining these provisions so that a federal employee can navigate them successfully, the WPA, the Whistleblower Protection Act, is a separate piece of legislation. It was enacted subsequent to the CSRA. And it is important here to emphasize that the design of the exhaustion of administrative remedies process affirmatively contemplates that employees who are aggrieved within the workplace may have to file separate complaints with separate agencies who have subject matter jurisdiction and special subject matter expertise over those types of actions. And so the plaintiff here in this case should have from the start, with respect to his alleged protective disclosures and the reprisal for making protective disclosures under the Whistleblower Protection Act, should have brought those claims to the Office of Special Counsel, who is tasked with exhaustively looking at those claims and then deciding whether or not he has a right to appeal to the MSPB. Whereas with respect to claims of discrimination, which, again, are separate and apart from his reprisal for whistleblowing activity in this case, the plaintiff should have brought those claims to the EEO, who has special subject matter expertise over claims of discrimination. And at that point, the EEO would investigate and administer his claim. And to the extent the plaintiff had any complaint with the resolution of his EEO complaint, then he can appeal either further within the agency or directly to federal district court. But the entire scheme contemplates that different types of claims are, from the get-go, exhausted with different parts of the agency. And that is to help make the process more uniform. It's to help make the process consistent and fair. The EEO collects data and stats regarding workplace discrimination. It has specific expertise in workplace discrimination. And it would not be efficient or productive for the government to have various complaints of discrimination. Don't we have precedent, though, that supports appellant's position in the bond's opinion? The bond's opinion certainly addressed both a Whistleblower Protection Act claim and a Title VII claim in the same case. That is correct, Your Honor. However, it did not address this issue. This issue was not presented to it, and it did not address this issue. It also predates PERI and certainly, obviously, predates the cases outside of this circuit that have now since addressed the issue. But when a federal employee complains of a whistle… But PERI didn't involve a Whistleblower Protection Act case either, did it? No, it did not, Your Honor, but it is the seminal decision establishing what constitutes… That was what you were quarreling about bonds about, and then you used PERI as support, and it has the same issue that you said bonds has. That's correct, Your Honor. PERI certainly does not address the question of whether or not an IRA appeal can form the basis for a mixed case. But it does address the question as to what the definition of a mixed case is and whether or not a mixed case… But that's what bonds did. Yes, Your Honor. To some degree, yes, Your Honor. That's true. This issue as to whether or not an IRA appeal can form the basis of a mixed case was not presented in bonds, and the court assumed without deciding because there was no jurisdictional challenge to the IRA appeal that it was properly before the court. But we absolutely acknowledge that bonds address both a WPA claim and a Title VII claim together. Of course, in that case, the plaintiff had alleged a serious adverse employment action that was appealable to the MSPB, where in this case, our plaintiff has not alleged a serious adverse employment action. Our plaintiff has alleged a non-serious adverse employment action. Moreover, in this case, the plaintiff never sought a mixed case appeal based on his non-promotion. The plaintiff in this case has always attempted to bootstrap his Title VII claim to his Whistleblower Protection Act claim and has alleged that it is the WPA claim that makes his cause of action properly heard in federal district court. The entire heart of this case is whether you can have a claim that would otherwise not be brought to the MSPB and bring it to the MSPB by coupling it with a WPA claim. That would in turn allow every single federal employee who has a non-serious adverse employment action to simply claim whistleblower reprisal, and then suddenly the floodgates would be open to the MSPB. And the EEO would no longer be the primary administrative body to hear employees' claims of discrimination because the federal employee would skip the EEO and flood the MSPB with these allegations if all it takes is to claim whistleblower reprisal in addition to a non-serious adverse employment action. And we know that whistleblower reprisal is intended to be a separate statutory construct from reprisal or any other type of discriminatory action under Title VII. The Federal Circuit's decision in Spruill is very helpful on this point because it explains that when enacting the CSRA, Congress chose different subsections to differentiate between reprisal that's based on the disclosure of information and reprisal based on the exercising of a right to complain. Reprisal under the Whistleblower Protection Act simply is adjudicated and resolved through an entirely different statutory construct than reprisal based on discrimination. The EEO is the logical and appropriate place where discrimination claims should be first heard when they're based on a non-serious adverse employment action. Whereas the OSC, the Office of Special Counsel, is the congressionally mandated subagency that hears claims for reprisal based on protected whistleblowing activity. I'm also happy to answer any additional questions the court may have. I'll pause here to just emphasize that had the plaintiff pursued his complaint with the EEO, his non-serious adverse employment action, which is, of course, the non-promotion, could have been easily adjudicated within the EEO and resolved there. And if the plaintiff had any complaints with the outcome of his EEO proceedings, he could have brought that complaint before the federal district court. But the plaintiff, represented by counsel and an attorney himself, did not follow this very clear path for getting his discrimination claim heard. And simply trying to bootstrap his discrimination claim to a Whistleblower Protection Act claim does not save him in this case. And it would open the floodgates to a substantial number of claims before the MSPB that should be more appropriately adjudicated by the EEO. If the court doesn't have any further questions, we would ask that the district court's decision be affirmed. Thank you, Ms. Taylor. Ms. Butler, you have some time reserved. Your Honors, I would like to first address the government's contention that WPA claims and discrimination claims cannot be brought together unless it's an action underneath 7512. That's incorrect. If your Honors would look at 5 U.S.C. section 1221A, it's clear, it states, an employee, with respect to any personnel action taken, as a result of a prohibited personnel practice described in the Whistleblower Protection Act, may seek corrective action from the Merit Systems Protection Board. And that provision is very important because it specifically says that an employee can challenge a personnel action. And the Whistleblower Protection Act in 2302A.2 explains what a personnel action is. It lists various different types of adverse employment actions, such as a decision concerning pay, benefits, or awards, or concerning education or training. It lists several different types of personnel actions. And then 1221A is very clear that if a basis for that personnel action is retaliatory at whistleblower protection, retaliation as a consequence of protected disclosures, then the employee may challenge that entire action. It doesn't matter if it's on various grounds. They can challenge that action on the basis of both their WPA rights and their discrimination rights, their discrimination claims. What you read doesn't match your conclusion, Counselor. I'm sorry? What you read as the basis for your conclusion doesn't match. You're conflating. You're saying that any separate action beyond the whistleblowing, if it's anything dealing with adverse personnel action, it could be joined, no matter what it is, no matter what it is? I think the way to think about it is, you know, what was the action taking against plaintiff here? Here, we're explicitly addressing, you know, in this part of the case, one instance of nonpromotion. That was the personnel action taken against him. He was denied a promotion. Denied a promotion? Correct. And that's – I mean, that is – Because he felt that he was more qualified than the person who got it? That's right? Yes, Your Honor. The facts of this case are that he – I know the facts, but that's the basis, because he thought he should have gotten a promotion. Correct. And then he's going to join that? He can join that with the Whistleblowing Protection Act because he has that extraneous, totally distinct claim? And avoid going to ELC? I don't think it's correct to think of them as totally separate claims. They're both about the same action. Why is it not correct? They're both about the same employment action taken against him. And so he can – you know, it was one decision by the board, the DEA, in which he was denied the specific promotion. And then, you know, that constitutes the employment action taken against him. He has multiple grounds to challenge that exact action against him. One is that it was in retaliation for his protected disclosures. And two, that it was also motivated by impermissible discrimination under Title VII. So he can challenge that entire action before the MSPB under the plain text of 2012-21A. And that's consistent with the Supreme Court's approach and Congress' approach in trying to streamline all of these federal employee actions to a single agency and court for judicial review. So when we're talking about the same nucleus of facts, the exact same action, it's clear that Congress, both through the CRSA and the WPA, want those to be channeled into a single adjudicatory proceeding instead of bifurcated in the manner that the government suggests. So I think the last point I'll make is that the government points out or asserts that the plaintiff here could have proceeded before the EEO. And the regulations are clear that he's entitled to elect whether or not he wants to bring a mixed-case appeal before the MSPB or the EEO in the first instance. So he was clearly within his rights to proceed before the MSPB in the first instance. And with that, I would ask this court to reverse the judgment of the district court. Thank you, Ms. Butler. I know the court notes that you were caught upon, and I just want to make a special recognition of that. We appreciate lawyers like yourselves who take on these cases. It very much helps the court in doing its work. We thank you so much. And still, of course, recognize your able representation of the Department of Justice. We would love to come down and shake your hand, but we can't do so. But nonetheless, we're glad to see you here, appreciate your arguments, and wish you well and be safe. Thank you. Thank you, Your Honor.
judges: Roger L. Gregory, Albert Diaz, Stephanie D. Thacker